CARROLL, CHAS., Chief Judge.
Appellees petitioned this court to stay issuance of a mandate. This court’s opinion and judgment on the appeal in this case was filed October 31, 1957. A petition for rehearing has been filed by appellees and is now under consideration by the court.
The petition to withhold the mandate recites the intention of appellees to petition the Supreme Court of Florida for a writ of certiorari to review the decision of this court, and prays that this court’s mandate be stayed pending the filing and disposition of such proceeding for review in the Supreme Court.
Article V, Section 4(b) of the Constitution of Florida, F.S.A., dealing with juris *244 diction of the Supreme Court, includes the following- provision:
“ * * * The supreme court may-review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, and may issue writs of certiorari to commissions established by law.”
It will be noted that the Constitution provides for review of a “decision” of a District Court of Appeal. Rule 4.5, subd. c(l) Florida Appellate Rules relating to cer-tiorari provides that a decision must be rendered before it can become the subject of an application for certiorari, as follows:
“Application for writ of certiorari shall be by petition filed in the Court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed. * * * ” [Emphasis Supplied.]
For comparison see rule 3.2(b) dealing with appeals, which provides that appeals shall be commenced within sixty days “from the rendition of the final decision, order, judgment or decree appealed from”.
The rule on definitions (rule 1.3) which makes it clear that a decision is not “rendered” until the mandate has been issued, is as follows:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. A judgment or decision of an appellate court shall not be deemed rendered until the mandate is issued. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.” [Emphasis Supplied.]
According to those rules, this court’s decision filed October 31, 1957, is not “deemed rendered” as long as the petition for rehearing remains pending. If this court denies the petition for rehearing, the judgment or “decision” still will not be “rendered”, according to rule 1.3, until this court’s mandate is issued.
If this court were to grant appellees’ petition to withhold the mandate, there would be no “rendered decision” which is essential before certiorari could be taken under rule 4.5, subd. c(l).
Therefore, the petition to stay issuance of the mandate will be denied. This is without prejudice to appellees to make application to the appropriate tribunal for a super-sedeas.
It is so ordered.
HORTON and PEARSON, JJ., concur.